# ORIGINAL

# In the United States Court of Federal Claims

### No. 18-618T
### Filed: January 7, 2019

```
* * * * * * * * * * * * * * * * * *
                                    *
LYNDA LEE WALL,                     *
                                    *
              Plaintiff,            *
                                    *    Pro Se Plaintiff; Motion to
v.                                  *    Dismiss; Jurisdiction; Tax
                                    *    Refund; Tax Liens; Slander;
UNITED STATES,                      *    Fourteenth Amendment.
                                    *
              Defendant.            *
                                    *
* * * * * * * * * * * * * * * * * * *
```

**Lynda Lee Wall**, pro se, Long Beach, CA.

**Sophia Siddiqui**, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her were **David I. Pincus**, Chief, Court of Federal Claims Section, Tax Division, **Richard E. Zuckerman**, Principal Deputy Assistant Attorney General, Tax Division.

### O P I N I O N

**HORN, J.**

### FINDINGS OF FACT

Pro se plaintiff, Lynda Lee Wall, filed a complaint with this court in the above-captioned case and also filed an Application to Proceed In Forma Pauperis, which application this court granted. The pro se plaintiff alleges in her complaint that the Internal Revenue Service (IRS) wrongfully placed $133,000.00 in federal tax liens against plaintiff and her "private land," and that the IRS did not have jurisdiction to place federal tax liens on her "asset." Plaintiff's complaint further alleges that "the United States remains in contempt of court for not removing the liens and making me [the plaintiff] whole." The plaintiff alleges that she has been unable to obtain a loan or a credit card as a result of the IRS placing liens on plaintiff's assets. The plaintiff seeks $1,000,000.00 in damages and asks the court to remove the lien on her property.

The plaintiff describes herself as a:

Self-governed sentient women [sic] who is a non-resident alien, a non-federal state inhabitant. a non-combatant civilian on the land, jurisdiction of the organic states of the Union (Major) and flying its civilian flag; owed the

7017 1450 0000 1346 2427

land of peace and not acting in the capacity of a Territorial Citizen or a Municipal Citizen, and secured priority creditor.

(capitalization in original). The plaintiff also alleges that, because the United States has failed to remove the federal tax liens, plaintiff has "suffered slander to my good name and slander to title of my assets." The plaintiff asserts that it is the duty of this court to "keep the United States honest and must not allow the United States to harm living men and women without any remedy or without any recourse to them." The plaintiff contends that this court "must hold the United States fully accountable to the laws they write."

Defendant filed a motion to dismiss plaintiff's case. According to the defendant, Ms. Wall did not submit tax returns or pay her taxes for the tax years 2002, 2003, and 2004. Defendant states, therefore, the IRS assessed a federal tax lien for a "penalty of $29,000 for aiding and abetting understatement of tax for tax year 2002" against plaintiff in 2008. On January 27, 2012, the IRS sent plaintiff a Notice of Deficiency, which indicated that plaintiff owed additional taxes for tax years 2002, 2003, and 2004. The January 27, 2012 Notice of Deficiency stated that plaintiff could contest the IRS's determination that plaintiff owed additional taxes in the United States Tax Court by filing a petition in the United States Tax Court no later than April 26, 2012. Defendant asserts, and it is uncontested, that plaintiff did not file a petition in the United States Tax Court before the April 26, 2012 filing date.

On April 8, 2012, the IRS issued notices of intent to place liens on plaintiff's property for the taxes plaintiff owed for tax years 2002 through 2004. According to defendant:

On August 8, 2012, the IRS issued a notice of intent to levy plaintiff's property pursuant to Section 6330 with respect to unpaid tax for tax years 2002 to 2004. (Def.'s Exs. 1-3 at 1). On August 17, 2012, the IRS filed notices of federal tax lien, pursuant to Section 6320, in favor of the United States and against plaintiff's property in the total amount of $133,249.43.[1] (Def.'s Ex. 5, Federal Tax Lien No. 887200012) (filing notice of federal tax lien in the amount of $50,315.01 for tax year 2002, $49,390.21 for tax year 2003, and $3,816.91 for tax year 2004); (Def.'s Ex. 6, 2002 Civil Penalty Tr. at 1) (filing notice of federal tax lien on May 16, 2008 with respect to an I.R.C. § 6701 penalty of $29,000 for aiding and abetting understatement of tax for tax year 2002).

On October 16, 2017, the plaintiff filed a petition with the Unites States Tax Court. Plaintiff has alleged that she never received a "Notice of Deficiency" or a "Notice of Determination"

---

[1] Plaintiff and defendant have provided differing values as to the total amount of the liens the IRS placed against plaintiff's property. The $133,249.43 is the number calculated by the IRS.

for tax years 1996 through 2016.[2] On December 28, 2017, the government filed a motion to dismiss in the Tax Court for lack of jurisdiction.

On February 21, 2018, after the plaintiff failed to file a response to the government's Tax Court motion to dismiss, the United States Tax Court issued an Order granting the government's motion to dismiss. In the February 21, 2018 Order, the Tax Court concluded that, for tax years 2002 through 2004, plaintiff's "petition was not filed within the time prescribed by [26 U.S.C.] section 6213(a) or 7502 of the Internal Revenue Code (I.R.C.), nor had respondent [IRS] made any other determination with respect to petitioner's 2002, 2003, and 2004 tax years." For the other tax years identified by plaintiff, tax years 1996 through 2001 and 2005 through 2016, the Tax Court stated that "no notice of deficiency" was issued by the IRS to plaintiff that could "form the basis for a petition to this Court," "nor had respondent [IRS] made any other determination with respect to such tax years." The United States Tax Court noted that it had instructed plaintiff to file a response to the government's motion to dismiss with the Tax Court, but that plaintiff failed to do so.

On April 26, 2018, the plaintiff sent a letter to the United States Treasury Secretary, the United States Attorney General, and the IRS with a subject line of "Informal Attempt to Exhaust Administrative Remedy." (capitalization in original). In the April 26, 2018 letter, the plaintiff alleged that, pursuant to "Treasury Regulation 301.7433-1 (f) and H.R. 2337-Taxpayer Bill of Rights 2," she was "required to exhaust administrative remedies before the commencement of a lawsuit." (capitalization in original). In the April 26, 2018 letter, the plaintiff further alleged that (1) "[t]he Internal Revenue Service (IRS) has had no jurisdiction on the dates of 05/2008 and 08/2012 when they issued the Notice of Federal Tax Liens against me and my Property" and (2) "[t]he Internal Revenue Service (IRS) has failed and/or refused to remove the liens, even though there are no tax liabilities against" plaintiff. (capitalization in original). Plaintiff alleges that, "[i]n the event of a lawsuit, the lawsuit will involve Internal Revenue Code sections 7433, (26 U.S.C. 7433), Internal Revenue Code (IRC) 6343 (b), 7426, 7432, and the Fourteenth Amendment to the United States Constitution."

Also on April 26, 2018, the plaintiff filled out, and addressed to the United States Treasury Secretary, United States Attorney General, and the IRS, a Standard Form 95, which is a document created by the United States Department of Justice for individuals wishing to file a tort claim against a federal agency under the Federal Tort Claims Act. See 28 U.S.C § 1346(b) (2018). The Standard Form 95 attached to plaintiff's complaint asserts a claim for "Loss of Use" of property in the amount of $133,000.00, as well as a claim "Slander to title & name" in the amount of $867,000.00. (capitalization in original). Plaintiff alleges in the Standard Form 95 that her "credit has been falsely reported as bad and cannot get a loan or a credit card," and that she has "suffered slander to her good name and to her private assets, which have been wrongfully encumbered."

---

[2] Although plaintiff's petition to the United States Tax Court concerned tax years 1996 through 2016, the liens placed on plaintiff's property by the IRS at issue in the case before the court only relate to tax years 2002 through 2004.

On April 30, 2018, the plaintiff filed her complaint in the above-captioned case in the United States Court of Federal Claims alleging that she has "Federal Tax Liens of $133,000.00 against me and my private land" and "a United States Tax Court Order signed by the United States Tax Judge stating that the Internal Revenue Service (IRS) does not have jurisdiction for the years the liens are filed (2008 and 2012)." (capitalization in original). Plaintiff asserts that "I am harmed and the Internal Revenue Service (IRS) are proximal in causation of this harm." Plaintiff's complaint seeks $1,000,000.00 in damages and requests that the court "unencumber my name and to unencumber my assets."

In response to plaintiff's complaint filed in this court, defendant filed a motion to dismiss, in which defendant argues that the court should dismiss the plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (2018) of the Rules of the United States Court of Federal Claims (RCFC). In the defendant's motion to dismiss, the government argues that this court does not have jurisdiction over the plaintiff's tax refund claim, jurisdiction over the plaintiff's claims involving the liens the IRS placed on plaintiff's assets, jurisdiction over plaintiff's slander allegation, or jurisdiction over plaintiff's claim allegedly arising under the Fourteenth Amendment. Plaintiff did not timely respond to the defendant's motion to dismiss. On November 30, 2018, defendant filed a motion requesting that the court "issue an order to show cause why plaintiff's complaint should not be dismissed for failure to prosecute, and, if plaintiff fails to respond within a reasonable time, to dismiss plaintiff's complaint."[3] As of January 7, 2019, the plaintiff still has not responded to the defendant's motion to dismiss or defendant's November 30, 2018 motion.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995)

---

[3] Because, as discussed below, plaintiff's complaint is being dismissed for lack of jurisdiction, defendant's November 30, 2018 motion requesting that the court "issue an order to show cause why plaintiff's complaint should not be dismissed for failure to prosecute, and, if plaintiff fails to respond within a reasonable time, to dismiss plaintiff's complaint" is moot.

(quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

As indicated above, defendant has moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)); see also Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also United States v. Mitchell, 463 U.S. 206, 216 (1983); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566

F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S.

at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp., 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Price v. United States, 133 Fed. Cl. 128, 130 (2017); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); see also Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016) ("In deciding a motion to dismiss, a court is required to accept as true all factual allegations pleaded." (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2018); Fed. R. Civ. P. 8(a)(1), (2) (2019); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Plaintiff's complaint attempts to allege claims regarding federal tax liens imposed by the IRS for the 2002, 2003, and 2004 tax years and for damages to plaintiff resulting from those liens. The defendant argues that this court does not have jurisdiction to hear the plaintiff's tax claims because the plaintiff has not paid taxes for tax years 2002, 2003, and 2004, and, therefore, has not satisfied the full payment rule to allow tax refund jurisdiction for plaintiff to file in this court. The court notes that, "to avoid having to pay the assessment in question before pursuing a claim, the taxpayer may file a petition with the Tax Court." Ishler v. United States, 115 Fed. Cl. 530, 536 (2014) (citation omitted).[4] Defendant also asserts that the plaintiff has not exhausted all administrative remedies by filing an administrative claim for refund before filing suit with this court and has not provided the court with the appropriate information for a tax refund claim.

The United States Supreme Court has indicated that:

> A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought, and establishes strict timeframes for filing such a claim.

United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008) (citations omitted); see also United States v. Dalm, 494 U.S. 596, 609-10, reh'g denied, 495 U.S. 941 (1990); RadioShack Corp. v. United States, 566 F.3d at 1360 ("[I]n the context of tax refund suits, the [United States Supreme] Court has held that the Court of Federal Claims' Tucker Act

---

[4] In an unpublished Opinion, the United States Court of Appeals for the Federal Circuit stated:

> Typically, a taxpayer can challenge an assessment in one of two ways. The first is to file a petition with the Tax Court without paying the assessment, and the second is to pay the assessment, request a refund from the IRS, and then file a refund suit in the Court of Federal Claims or in the district court. See 26 U.S.C. § 7422(a); Smith v. United States, 495 Fed. Appx. 44, 48 (Fed. Cir. 2012) (explaining how a taxpayer can dispute an income tax assessment in the Tax Court or the Court of Federal Claims).

Diamond v. United States, 603 F. App'x 947, 949-50 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015).

jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a).")[5]; Computervision Corp. v. United States, 445 F.3d 1355, 1363 (Fed. Cir.), reh'g and reh'g en banc denied, 467 F.3d 1322 (Fed. Cir. 2006), cert. denied, 549 U.S. 1338 (2007); Kiselis v. United States, 131 Fed. Cl. 54, 60 (2017) ("To establish jurisdiction, Plaintiff must establish that he filed an administrative refund claim with the IRS prior to filing suit in this Court."); Fremuth v. United States, 129 Fed. Cl. 684, 688 (2016) ("This Court's exercise of [tax refund] jurisdiction is subject, however, to several statutory and jurisprudential prerequisites."); Smith v. United States, 111 Fed. Cl. 740, 743 (2013) (noting that Congress intended for 26 U.S.C. § 7422(a) to apply broadly); Dumont v. United States, 85 Fed. Cl. 425, 428 ("To recover under the Tucker Act, a plaintiff must adhere to the requirements of 26 U.S.C. § 7422(a), which states that 'no such suit shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary.'" (quoting 26 U.S.C. § 7422(a))), aff'd, 345 F. App'x. 586 (Fed. Cir. 2009). cert. denied, 559 U.S. 1101 (2010); Buser v. United States, 85 Fed. Cl. 248, 256 (2009).

Moreover, for a refund claim, the court only may hear claims for which the petitioning taxpayer has fulfilled all of his or her tax liabilities for the tax year in question before the refund claim is heard. Flora v. United States, 357 U.S. 63, 72-73, 78 S. Ct. 1079, 2 L.Ed.2d 1165 (1958) (Flora I), aff'd on reh'g, 362 U.S. 145, 80 S. Ct. 630, 4 L.Ed.2d 623 (Flora II), reh'g denied, 362 U.S. 972, 80 S. Ct. 953, 4 L.Ed.2d 902 (1960). In Flora II, the United States Supreme Court stated that 28 U.S.C. § 1346(a)(1) requires "payment of the full tax before suit." Flora II, 362 U.S. 145, 150, 177, 80 S. Ct. 630, reh'g denied, 362 U.S. 972, 80 S. Ct. 953, 4 L.Ed.2d 902 (1960); see also Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming United States Court of Federal Claim's dismissal of pro se plaintiff's tax refund suit for lack of subject matter jurisdiction when plaintiff did not allege that he had paid his taxes for the years in which he sought a

---

[5] Before filing a tax refund claim in federal court, a plaintiff is required to file a claim with the IRS for the amount of the alleged refund, pursuant to 26 U.S.C. § 7422(a) (2018), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); see also Cooper v. United States, 123 Fed. Cl. 226, 232 (2015) (holding that, because plaintiff's tax forms did not comply with the requirements of 26 U.S.C. § 7422, the returns could not constitute duly filed refund claims). If a plaintiff does file an administrative claim for refund or credit, the plaintiff must wait six months from the date of filing the administrative claim, or until the IRS renders a decision on the claim, before filing suit in the United States Court of Federal Claims. See 26 U.S.C. § 6532(a)(1) (2018).

tax refund and when plaintiff's tax returns submitted to the court also showed that plaintiff did not pay any taxes for those years); <u>Shore v. United States</u>, 9 F.3d 1524, 1526 (Fed. Cir. 1993) ("The full payment requirement of Section 1346(a)(1) and <u>Flora</u> applies equally to tax refund suits brought in the Court of Federal Claims . . . ." (citing <u>Tonasket v. United States</u>, 218 Ct. Cl. 709, 711-12, 590 F.2d 343 (1978))); <u>Simmons v. United States</u>, 127 Fed. Cl. 153, 159 (2016) (dismissing tax refund claims for lack of jurisdiction when the plaintiff failed "to allege, much less demonstrate, that he has fully paid his outstanding tax liabilities" for the tax years at issue); <u>Artuso v. United States</u>, 80 Fed. Cl. 336, 338 (2008).

Moreover, the rules of this court state that:

In pleading a claim for a tax refund, a party must:

(1)    File the pleading under seal along with a redacted version of the pleading that conforms to RCFC 5.2; and

(2)    Include:

(A) a copy of the claim for refund, and

(B) a statement identifying:

(i) the tax year(s) for which a refund is sought;

(ii) the amount, date, and place of each payment to be refunded;

(iii) the date and place the return was filed, if any;

(iv) the name, address, and identification number of the taxpayer(s) appearing on the return;

(v) the date and place the claim for refund was filed; and

(vi) the identification number of each plaintiff, if different from the identification number of the tax payer.

RCFC 9(m) (2018).

In the above-captioned case, the plaintiff fails to allege, much less document or demonstrate, that plaintiff has paid her outstanding tax liability fully for tax years 2002, 2003, and 2004. In the April 26, 2018 letter to the United States Treasury Secretary, the United States Attorney General, and the IRS, titled "Informal Attempt to Exhaust Administrative Remedy" attached to plaintiff's complaint, plaintiff alleges "that there are no tax liabilities" against the plaintiff. (capitalization in original). Because plaintiff has not

satisfied the full payment rule for tax years 2002, 2003, and 2004, this court lacks jurisdiction over any possible, tax refund claim by plaintiff for tax years 2002 through 2004.

In addition to satisfying the full payment rule, a plaintiff seeking a tax refund in this court also must have filed a claim for refund with the IRS for the amount of the tax at issue prior to filing suit in this court. See 26 U.S.C. § 7422(a); see also Artuso v. United States, 80 Fed. Cl. at 338. The United States Court of Appeals for the Federal Circuit has stated that section 7422(a) "imposes, as a jurisdictional prerequisite to a refund suit, filing a refund claim with the IRS that complies with IRS regulations." Chi. Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994) (citing Burlington N., Inc. v. United States, 684 F.2d 866, 868, 231 Ct. Cl. 222 (1982)). In this case, the plaintiff has not alleged that she filed a valid refund claim with the IRS for tax years 2002, 2003, or 2004. Moreover, plaintiff's April 26, 2018 letter titled "Informal Attempt to Exhaust Administrative Remedy," which was dated four days before plaintiff filed the complaint in this court, does not constitute a properly filed claim, and is not sufficient to meet the requirements of 26 U.S.C. § 7422(a). (capitalization in original). Pursuant to 26 U.S.C. § 6532(a)(1), after a taxpayer files an administrative claim for refund or credit:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1). Plaintiff's complaint was brought only four days after plaintiff's ineffective attempt to exhaust administrative remedies. Even if the April 26, 2018 letter titled "Informal Attempt to Exhaust Administrative Remedy" had been in the form required for a proper claim, the IRS did not have sufficient time to process any such claim. (capitalization in original). In sum, plaintiff has not satisfied the requirements in 26 U.S.C. § 7422 or 26 U.S.C. § 6532 to file a valid tax refund claim with the IRS, prior to bringing a tax refund suit in this court.

Nor has plaintiff complied with the requirements set forth in RCFC 9 for pleading a tax refund claim. In this case, the plaintiff has not filed a valid tax refund claim with the IRS, and plaintiff's complaint and April 26, 2018 letter titled "Informal Attempt to Exhaust Administrative Remedy" attached to the complaint do not contain the required information detailed in RCFC 9, which requirements include a copy of the claim for refund, the tax years for which a refund was sought, and the amount, date, and place of each payment to be refunded. (capitalization in original).

In addition to plaintiff's unsuccessful attempt to invoke this court's tax refund jurisdiction, the plaintiff requests that the court "unencumber my name and to unencumber my asset," as well as issue "an Order rendered in my favor and against the United States in the amount of $1,000,000.00." In an attempt to demonstrate that plaintiff is entitled to

the remedies plaintiff seeks, plaintiff cites to four statutes and the United States Tax Court's February 21, 2018 Order discussing her case from the Tax Court. Specifically, in the April 26, 2018 letter to the United States Treasury Secretary, the United States Attorney General, and the IRS, titled "Informal Attempt to Exhaust Administrative Remedy," attached to plaintiff's complaint, plaintiff cites four statutes and states that, "[i]n the event of a lawsuit, the lawsuit will involve Internal Revenue Code sections 7433, (26 U.S.C 7433), Internal Revenue Code (IRC) 6343 (b), 7426, 7432." (capitalization in original). Plaintiff's complaint does not cite the four statutes referenced in the April 26, 2018 letter attached to plaintiff's complaint, but plaintiff's complaint argues that "the United States is obligated to follow the United States Tax Court Order," which plaintiff asserts requires the government "to remove all liens that were wrongly issued against me and my private land." Plaintiff argues that the IRS does not have jurisdiction to place federal tax liens "against me and my private land" and that the IRS "remains in contempt of court for not removing the liens and making me whole."

Defendant, however, reiterates that this court does not have jurisdiction to hear the plaintiff's tax lien claims, and argues that "none" of the four statutes cited by plaintiff in the April 26, 2018 letter regarding tax liens "support jurisdiction by this Court." Defendant asserts that, "to the extent plaintiff seeks damages resulting from unauthorized collection actions, there is no jurisdiction because the district courts have exclusive jurisdiction over claims arising out of unlawful collections claims by the IRS."

In plaintiff's April 26, 2018 letter titled "Informal Attempt to Exhaust Administrative Remedy," plaintiff first cites 26 U.S.C. § 7433 (2018) as an alleged basis for jurisdiction in this court. The statute at 26 U.S.C. § 7433(a) states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). When analyzing a claim brought under 26 U.S.C. § 7433(a), the United States Court of Appeals for the Federal Circuit has stated that "[t]he Court of Federal Claims is not a district court of the United States, and therefore it lacks subject matter jurisdiction" over claims brought under 26 U.S.C. § 7433(a). Ledford v. United States, 297 F.3d at 1382; see also Wade v. United States, 138 Fed. Cl. at 278 ("Similarly, jurisdiction under Section 7433, which permits a taxpayer to recover damages resulting from reckless, intentional, or negligent actions of any officer or employee of the IRS, is vested exclusively in the district courts." (citing 26 U.S.C. § 7433(a); and Ledford v. United States, 297 F.3d at 1382)); Kiselis v. United States, 131 Fed. Cl. at 62 ("To the extent that Plaintiff seeks damages stemming from the IRS's placement of a levy on his bank accounts as an unauthorized collection, the district courts of the United States have exclusive jurisdiction over such claims." (citing 26 U.S.C. § 7433; and Ledford v. United States, 297 F.3d at 1382)). Thus, the court lacks jurisdiction under 26 U.S.C. § 7433 over

plaintiff's claim that the IRS improperly placed "Federal Tax Liens of $133,000.00 against me and my private land." (capitalization in original).

The second statute cited by plaintiff in the April 26, 2018 letter attached to plaintiff's complaint, 26 U.S.C. § 6343(b) (2018), discusses the actions the Secretary of the Treasury may take "[i]f the Secretary determines that property has been wrongfully levied upon." See 26 U.S.C. § 6343(b). In the above-captioned case, however, plaintiff has not put forth any evidence indicating that the Secretary determined that plaintiff's property "has been wrongfully levied upon." See 26 U.S.C. § 6343(b). The statute at 26 U.S.C. § 6343(b), therefore, does not apply to the liens the IRS placed on plaintiff's property.

The third statute cited by plaintiff in plaintiff's April 26, 2018 letter titled "Informal Attempt to Exhaust Administrative Remedy," 26 U.S.C. § 7426 (2018), states:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C. § 7426(a)(1); see also Johnson v. United States, 127 Fed. Cl. 661, 664 (2016). This right to sue, however, only is applicable when a person's assets are wrongfully levied to satisfy the tax assessment of another or if property is sold to satisfy a levy, as the statute does not grant the right to sue to the person "against whom is assessed the tax out of which such levy arose." See 26 U.S.C. § 7426(a)(1); see also Simmons v. United States, 127 Fed. Cl. 153, 161 (2016) ("[T]he right to initiate a wrongful levy action against the government belongs to a third party, not 'the person against whom is assessed the tax out of which such levy arose.'" (quoting 26 U.S.C. § 7246(a)(1); and citing EC Term of Years Trust v. United States, 550 U.S. 429, 433 (2007))). Section 7426(a), therefore, states that the right to initiate a wrongful levy action against the government belongs to a third party. See EC Term of Years Trust v. United States, 550 U.S. at 433; see also Wade v. United States, 138 Fed. Cl. 276, 278 (2018) ("[J]urisdiction over claims of wrongful levies brought pursuant to § 7426 is vested exclusively in the district courts, and claims under this statute must be brought by a third party, not by the party against whom the tax was assessed." (citing 26 U.S.C. § 7426(a)(1); and Simmons v. United States, 127 Fed. Cl. at 161)). Consequently, plaintiff may not invoke jurisdiction pursuant to 26 U.S.C. § 7426.

The fourth statute plaintiff asserts to be related to plaintiff's tax lien claim, 26 U.S.C. § 7432 (2018), also does not provide this court with jurisdiction over plaintiff's wrongful lien claim. The statute at 26 U.S.C. § 7432 states that a "taxpayer may bring a civil action for damages against the United States in a district court of the United States," if "any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." See

26 U.S.C. § 7432(a). The statute at 26 U.S.C. § 7432 does not authorize a taxpayer to bring a wrongful lien claim in the United States Court of Federal Claims and does not provide this court with jurisdiction over plaintiff's claim. See id.; see also Topsnik v. United States, 120 Fed. Cl. 282, 287 (2015) ("[A]s expressly provided in sections 7432(a) and 7433(a), an individual seeking to recover such damages may do so by 'bring[ing] a civil action for damages against the United States in a district court of the United States.' The Court of Federal Claims, of course, is not a district court. It therefore lacks subject matter jurisdiction." (second alteration in original) (quoting 26 U.S.C. §§ 7432(a), 7433(a))).

Moreover, the February 21, 2018 Order from the United States Tax Court, which the plaintiff contends indicates that the IRS "does not have jurisdiction" over plaintiff's property "for the years the liens are filed (2008 and 2012)," also does not demonstrate that the IRS improperly placed liens on plaintiff's property. The United States Tax Court's February 21, 2018 Order stated that plaintiff's "petition [in the Tax Court] was not filed within the time prescribed by [26 U.S.C.] section 6213(a) or 7502 of the Internal Revenue Code (I.R.C.), nor had respondent [the IRS] made any other determination with respect to petitioner's 2002, 2003, and 2004 tax years." Regarding the other tax years identified by plaintiff in her petition to the Tax Court, tax years 1996 through 2001 and 2005 through 2016, the Tax Court's Order stated that "no notice of deficiency" had been issued by the IRS to plaintiff which could "form the basis for a petition to this Court," "nor had respondent [the IRS] made any other determination with respect to such tax years." The United States Tax Court's February 21, 2018 Order concluded that the Tax Court lacked jurisdiction over plaintiff's petition, which was, at that time, pending before the Tax Court, not that the IRS lacked the ability to place liens on plaintiff's assets.

As indicated above, plaintiff also asserts that the IRS caused "slander to my good name." Quoting Herbert v. United States, 114 Fed. Cl. 590, 594 (2014), defendant argues that plaintiff's slander claim should be dismissed because the United States Court of Federal Claims "has repeatedly held" that the court "lacks jurisdiction under the Tucker Act to hear claims against the United States 'sounding in tort.'" The court agrees with the defendant that this court does not possess jurisdiction over claims which sound in tort. See 28 U.S.C. § 1491(a); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Rohland v. United States, 136 Fed. Cl. 55, 65 (2018) (citing 28 U.S.C. § 1491(a); and Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343); Golden v. United States, 118 Fed. Cl. at 770; Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Allegations involving slander sound in tort, and, therefore, this court does not have jurisdiction over the plaintiff's slander claim. See

Aldridge v. United States, 67 Fed. Cl. 113, 120 (2005) (stating that "[s]lander is also a tort" and that "the United States Court of Federal Claims does not have jurisdiction over the this [slander] claim").

Finally, in the April 26, 2018 letter titled "Informal Attempt to Exhaust Administrative Remedy," attached to plaintiff's complaint, plaintiff alleges, without further elaboration, that "the lawsuit will involve . . . the Fourteenth Amendment to the United States Constitution." Regardless of the vagueness of plaintiff's claim, the United States Court of Appeals for the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (concluding that the United States Court of Federal Claims has no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))); see also Smith v. United States, 709 F.3d at 1116 ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)); In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007).

In addition, this court does not have subject matter jurisdiction over claims grounded in the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. See LeBlanc v. United States, 50 F.3d at 1028 (indicating that a claim under the Equal Protection Clause of the Fourteenth Amendment is not sufficient for jurisdiction in the United States Court of Federal Claims because it does not "mandate payment of money by the government" (citing Carruth v. United States, 627 F.2d 1068, 1081, 224 Ct. Cl. 422, 445 (1980))); Warren v. United States, 106 Fed. Cl. 507, 511 (2012) (stating that, since the "Fourteenth Amendment guarantee of equal protection" is not money mandating, "the court lacks jurisdiction over these claims"). The court also does not have jurisdiction over claims allegedly arising under the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution. See Locke v. United States, 77 Fed. Cl. 460, 469 (2007), aff'd, 300 F. App'x 932 (Fed. Cir. 2008). The court, therefore, does not have jurisdiction over plaintiff's vague claim involving the Fourteenth Amendment.

## CONCLUSION

Because this court does not have subject matter jurisdiction over any of plaintiff's alleged claims, defendant's motion to dismiss under RCFC 12(b)(1) is **GRANTED**, and plaintiff's complaint is **DISMISSED**. Defendant's November 30, 2018 motion is **MOOT**. The Clerk of the Court is instructed to enter **JUDGMENT** consistent with this Opinion.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**